IN THE MATTER OF DONALD F. CONNOR.

[No. 875S199. Filed December 22, 1976.]

*Charles M. Gabhart,* of Jeffersonville, for respondent.

*Richard H. Grabham,* Executive Secretary, Indiana Supreme Court Disciplinary Commission.

PER CURIAM.—This is a disciplinary matter before this Court for consideration and disposition of the findings of fact and conclusions of law submitted by the appointed hearing officer in this cause, James D. Williams, Esquire. Neither the respondent nor the Disciplinary Commission has petitioned this Court for review.

This Court, after considering all matters which have been submitted in this cause, now adopts and accepts as its own the findings of fact and conclusions of law submitted by the Hearing Officer which are as follows:

"A Verified Complaint for Disciplinary Action was filed by the Disciplinary Commission of the Supreme Court of Indiana against the Respondent, Donald F. Connor, on August 26, 1975. James D. Williams was appointed Hearing Officer and qualified on September 9, 1975. No answer having been received from Respondent, a pre-trial conference was set and held on November 5, 1975, to define the issues in this matter. The Respondent did not appear on November 5, 1975, in person or by counsel. A Motion for Suspension Pending Prosecution was filed by the Disciplinary Commission on November 10, 1975. The Motion for Suspension Pending Prosecution and the alleged violations set out in the Verified Complaint for Disciplinary Action were set for final hearing on December 17, 1975. Attorney Charles M. Gabhart having entered his appearance for Respondent on December 1, 1975, and having requested a continuance in order to prepare a defense, this matter was continued until January 26, 1976, at which time a hearing was held.

"The following are the Findings of Fact and Conclusions of Law of the Hearing Officer based upon the evidence presented at the final hearing.

1. The following are those facts stipulated to by the Respondent and the Disciplinary Commission and adopted by the hearing officer:

a. The Respondent accepted Mr. and Mrs. Daniel Soper as clients in July, 1974, in a bankruptcy action, accepting

a retainer of One Hundred Dollars ($100), but failed to file said action. Upon the filing of a complaint with the Disciplinary Commission, by said clients, Respondent refunded the One Hundred Dollar ($100) retainer to the clients.

b. The Respondent was employed by Lamorris Hughes in May, 1974, for the purpose of handling both a bankruptcy and dissolution of marriage, but Respondent failed to file said actions until December 6, 1974, after the client had filed a Request for Investigation with the Disciplinary Commission. The Respondent obtained a discharge in bankruptcy for Mr. Hughes on March 27, 1975, but failed to complete the handling of the action for dissolution of marriage, although Respondent had been paid in full to do so. Mr. Hughes had to retain another attorney to complete the dissolution of marriage action at an additional cost to the client of Seventy-Five Dollars ($75).

c. The Respondent has three unpaid judgments of record against him in the Clark Circuit Court as follows:

1) July 6, 1973, Industrial Credit Plan, Inc., C73-C148, $905.96.

2) January 10, 1973, Citizens Fidelity Bank & Trust, C72-C82, $2,175.

3) January 7, 1972, Curtis Velkinvurg, C71-C309, $6,480.

d. Prior to entering into the private practice of law in Indiana in 1971, Respondent had been employed as vice-president in the trust department of Liberty National Bank and Trust Company, Louisville, Kentucky, for fourteen (14) years and vice-president and trust officer for Central Bank and Trust Company in Lexington, Kentucky, during 1969 and 1970. Toward the end of said employment, Respondent experienced marital difficulties resulting in separation and repeated financial reverses resulting in the aforementioned judgments, all of which created additional financial pressures which Respondent was unable to overcome. All of these foregoing adverse financial and personal problems arose prior to Respondent entering the private practice of law in Indiana.

e. As a result of the aforementioned acute financial and personal problems, Respondent resorted to the use of alcohol, which use was at times excessive and contributed to Respondent's instability in the handling of his law practice.

f. While suffering under the acute foregoing conditions, Respondent accepted as clients both Mr. Soper and Mr. Hughes, which conditions caused or contributed to Respondent's neglect in processing these legal matters with

dispatch, resulting in both clients filing complaints against him.

g. The Respondent has filed a petition in bankruptcy in the Southern District, United States District Court, New Albany, Indiana, Cause No. NA76-47-B, seeking a discharge of the aforementioned judgments of record.

h. For the past two months Respondent has been practicing in association with attorney Donald Ewers, 200 N.W. 9th Street, Evansville, Indiana, who, after being acquainted with Respondent's problems and the circumstances of the disciplinary proceedings herein, agreed to work with Respondent, supervising and overseeing the work performed by Respondent in handling matters in Mr. Ewer's practice, which he has done satisfactorily.

"From the evidence presented at the hearing the Hearing Officer further finds that:

2. That the Respondent was admitted to the Bar of the State of Indiana on May 13, 1959, on examination;

3. That after Respondent was retained by Mr. and Mrs. Soper as aforesaid on July 28, 1974, the Respondent was approached by Mr. Soper several times, that Respondent told Mr. Soper several times that he would file the petition and that the Request for Investigation was filed on or about October 18, 1974;

4. That upon being retained by Lamorris Hughes as aforesaid Respondent told Hughes that bankruptcy would take about 60 days, that Hughes called Respondent weekly for a period of time but received no response from Respondent, that Hughes paid Respondent $376.00 prior to filing the Request for Investigation with the Commission, that Respondent made restitution of only the additional amount of $75.00 which Hughes paid out and expended for additional counsel;

5. That Respondent communicated with Hughes by writing him a letter on January 5, 1976, advising Hughes that he, Respondent, would refund the additional amount Hughes had expended;

6. That Hughes was not a sophisticated person who could deal with a legally trained person on his own terms;

7. That the restitution of $75.00 was made by Respondent on the day before the hearing was held herein by mailing Hughes cash;

8. That beginning in 1968 and continuing into 1975 Respondent incurred certain items of indebtedness . . . (totalling $100,294.09);

9. That Respondent filed a petition in bankruptcy on January 26, 1976, the date of the hearing on the within matter, including the . . . (above indebtedness) . . . and showing total assets of $589.00;

10. That Respondent had an alcoholic problem dating from 1965;

11. That the problem of Respondent with alcohol first came to the attention of the Commission in 1972;

12. That the alcoholic problem was adversely affecting the Respondent in his practice of law in 1972, which came to the attention of the Commission, that by letter dated July 17, 1972, to the Commission Respondent made a commitment to the Commission that he would work out his problems to the satisfaction of the Commission, which could include voluntary resignation from the bar by Respondent and that his past shortcomings would be rectified;

13. That by letter dated August 10, 1972, to the Commission Respondent renewed his commitment to rectify his problems and stated that he would take care of his obligations to his creditors and that his drinking problem had been eliminated;

14. That of a total indebtedness of approximately $105,-000, Respondent lost approximately $25,000 in a business venture and dissipated most of the balance;

15. That of his indebtedness, Respondent incurred obligations of $5,000 to Bank of Louisville, Louisville, Ky., $2,543.75 to Citizens Bank & Trust Co., Louisville, Ky., $3,000 to Clark County National Bank, Winchester, Ky., $2,615.80 to Bank of Lexington, Lexington, Ky., $900.00 to First National Bank, Louisville, Ky., $624.50 to Louisville Trust Co., $5,718.19 to Citizens Bank & Trust Co., Jeffersonville, Ind., $2,000 to Bank of Commerce, Lexington, Ky., $2,500 to Stock Yards Bank, Louisville, Ky., $900 to Liberty National Bank & Trust Co., Louisville, Ky. and $2,000 to First National Bank, Nicholasville, Ky., by taking advantage of his fiduciary position as an employee of a bank, which made it easier for him to obtain bank loans than it would have been for one without a close bank connection;

16. That in addition to the Soper and Hughes matters there have been three or four other instances where Respondent was dilatory in filing actions for clients;

17. That the allegations set forth in the Verified Complaint for Disciplinary Action filed herein by the Commission are true."

### Conclusions of Law

"1. That by the action of the respondent as charged by Count I of the Complaint filed by the Commission, he violated Disciplinary Rules 1-102(A) (4), (5) and (6), 6-101(A) (1) and (3), and 7-101(A) (1), (2) and (3) and his Oath of Attorneys;

"2. That by the action of the Respondent as charged by Count II of the Complaint filed by the Commission he violated Disciplinary Rules 1-102(A) (4), (5) and (6); 6-101(A) (1) and (3), and 7-101(A) (1), (2) and (3), and his Oath of Attorneys;

"3. That by the action of the Respondent as charged by Count III of the Complaint filed by the Commission he violated Disciplinary Rules 1-102(A) (5) and (6) and his Oath of Attorneys;

"4. That by failing to keep his commitments to the Commission, his clients and his creditors the Respondent violated Disciplinary Rule 1-102(A) (6).

"5. That by making a refund to Lamorris Hughes in the amount of $75.00 the day before his petition in bankruptcy was filed, the Respondent committed a civil violation of Sec. 60 (11 USC 96) of the Bankruptcy Act which prohibits preferences by a debtor in such a situation and thereby violated Disciplinary Rule 1-102(A) (5)."

Respondent's misconduct in this cause unfortunately establishes a set of circumstances where personal hardships and misfortune, compounded by the disease of alcoholism, led to the complete destruction of a professional career and a personal tragedy for the Respondent.

This Court is not unmindful of the reality that like tragedies are repeated daily in all occupations and professions. However, it is this Court's responsibility to safeguard the public from attorneys who, for whatever reason, are no longer fit to honor the trust that forms the basis of the attorney-client relationship. The acts of the Respondent in this matter forces this Court to conclude that the Respondent is no longer worthy of that trust.

With the foregoing consideration in mind, by reason of the violations of the Code of Professional Responsibility found

under Counts I, II, and III of the complaint, it is now ordered that the Respondent be and he hereby is disbarred as an attorney in the State of Indiana.

Costs of these disciplinary proceedings are assessed against the Respondent.

Prentice, J., not participating.

NOTE.—Reported at 358 N.E.2d 120.