**In the Matter of Donald G. HAYES, Jr.**

**No. 683S224.**

Supreme Court of Indiana.

Aug. 23, 1984.

Leslie Duvall, Indianapolis, for respondent.

William Hussmann, Jr., Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This proceeding was initiated under a verified two-count complaint filed by the Disciplinary Commission of this Court pursuant to Admission and Discipline Rule 23, Section 12. In accordance with the procedures set forth under this rule, this Court appointed a Hearing Officer who has conducted a hearing and now tenders his findings. Neither party has petitioned this Court for review.

There being no objection to the tendered findings of fact, this Court now adopts and accepts as its own such matters and generally finds that the Respondent is an attorney at law admitted to the Bar of this State on September 22, 1971 and is therefore

subject to the disciplinary authority of this Court.

Under Count I of the Verified Complaint filed in this cause, this Court now further finds that in October 1980 the Respondent was employed to represent a client before the United States Internal Revenue Service. On February 9, 1981, this client was informed by the Internal Revenue Service that $5,582.65 was due for 1979 tax liability. The client indicated that he wished to pay the assessed amount; on February 23, 1981, a check of $1,000 and on March 30, 1981, a check of $4,662.30 was given and made payable to the Respondent at his instruction. The proceeds were deposited in Respondent's trust account, but thereafter withdrawn for uses other than the payment of this client's tax liability. On April 17, 1981, Respondent's client was advised of the assessment of additional interest; when confronted with this fact, Respondent gave false assurances that the payments were made to the Internal Revenue Service. On April 27, 1981, Respondent sent a check in the amount of $5,662.63 to the Internal Revenue Service which was dishonored due to insufficient funds. A second check in the amount of $5,766.84 was forwarded on June 27, 1981, but it too was dishonored due to insufficient funds. Eventually, on March 23, 1982, this tax liability was paid by Respondent in the sum of $6,000. Thereafter, Respondent compensated his client for any interest assessed, paid interest to this client of 18% for the use of this money through the time of his last payment on July 8, 1983, and paid this client an additional $2,320.36 which amount was assessed by reason of an audit of his 1977, 1978, and 1979 tax returns.

In view of above determinations, this Court now finds under Count I that the Respondent commingled his client's funds with personal funds, engaged in conduct involving misrepresentation, engaged in illegal conduct involving moral turpitude, engaged in conduct prejudicial to the administration of justice, engaged in conduct adversely reflecting on his fitness to practice law, neglected a legal matter and failed to carry out his contract of employment. This misconduct violated Disciplinary Rules 9–102(A); 1–102(A)(1), (3), (4), (5) and (6); 6–101; and 7–101(A)(2) of the *Code of Professional Responsibility for Attorneys at Law* as charged under Count I of the verified complaint filed in this cause.

Under Count II of the Verified Complaint filed in this cause, this Court now finds that on September 2, 1982, Respondent executed a lease for residential property. He prepared a check for $1,200.00 drawn on American Flectcher National Bank under the account of "Don G. Hayes, Jr., Attorney." This check was returned for insufficient funds and was subsequently replaced by a cashier's check. On October 20, 1982, Respondent forwarded two checks of $600.00 to the property owners as rent for this property; one check was dated October 9, 1982, and the other was post-dated November 4, 1982. These two checks were drawn on Indiana National Bank under the account of "Don G. Hayes, Jr., Attorney at Law"; however, this account has been overdrawn since September 1, 1982. Subsequently, the checks were fully covered by the occupant of the leased property who is now the contract purchaser of this realty.

In view of the above determination, this Court now finds that by executing two checks on an account known to be overdrawn, Respondent engaged in illegal conduct involving moral turpitude, in conduct involving dishonesty or misrepresentation and engaged in conduct adversely reflecting on his fitness to practice law. Such misconduct violated Disciplinary Rules 1–102(A)(3), (4) and (6) of the *Code of Professional Responsibility for Attorneys at Law* as charged under Count II of the verified complaint filed in this cause.

This Court must now assess an appropriate disciplinary sanction by reason of the professional misconduct found in this disciplinary action. Crucial to this determination is our duty to protect the public from a known potential harm resulting from misconduct. This Court would be remiss in its Constitutional duty in this regard if we

allowed the public to enter an attorney-client relationship when there is an obvious suggestion that an unsuspecting person may be harmed, regardless of whether or not he may eventually be made whole.

Upon our review of this matter, we observe that the Respondent is a diagnosed alcoholic and that the Respondent has sought treatment for this disease. It is the Hearing Officer's conclusion that the Respondent's moral and professional judgment were adversely affected by his dependence on alcohol during the time period giving rise to this complaint and there is no reason to suggest that this is not an accurate assessment of the circumstances underpinning the misconduct found in this case.

It is unfortunate that any person, whatever occupation or profession, suffer the personal tragedy generally associated with the abuse of alcohol; this, however, does not vitiate the effects of professional misconduct. In this regard, the disease of alcoholism is not a valid basis of excuse. As noted before, our responsibility is to safeguard the public from unfit lawyers, whatever the cause of unfitness may be. *In re Vincent*, (1978) 268 Ind. 101, 374 N.E.2d 40; *In re Connor*, (1976) 265 Ind. 610, 358 N.E.2d 120.

The misconduct found in this case is very serious. Respondent commingled funds of his client and personal funds; his client's money was then used for other obligations of the Respondent. Additionally, Respondent wrote two checks on an account known to have insufficient funds. This conduct clearly indicates a total disregard for the professional standards expected of all attorneys. It is true that Respondent compensated for any monetary loss sustained by others, but it is equally true that his conduct demeaned the profession to these individuals. Respondent has demonstrated that he is unfit to continue as an attorney in this State and this Court must act to protect the public from future misconduct.

In view of the above considerations we now find that the strongest sanction avail-

able is warranted by reason of the misconduct found in this case. Accordingly, it is hereby ordered that, by reason of the misconduct found under the verified complaint filed in this cause, the Respondent be, and he hereby is, disbarred from the practice of law in the State of Indiana.

Costs of this proceeding are assessed against the Respondent.