**In the Matter of William C. RUNYON.**

**No. 780 S 223.**

Supreme Court of Indiana.

April 7, 1986.

No appearance for respondent.

William G. Hussman, Jr., Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Comm'n.

PER CURIAM.

This disciplinary matter is before us on a Verified Complaint for Disciplinary Action charging the Respondent with violating Disciplinary Rules 1–102(A)(3) and (6) of the *Code of Professional Responsibility for Attorneys at Law.* On December 14, 1981, pursuant to an agreed entry, the Respondent was suspended from the practice of law pending the outcome of this case.

Thereafter in December of 1982, the Respondent filed a petition for determination of disability. However, the petition was dismissed following a hearing to show cause for want of prosecution.

The Hearing Officer appointed in this case held a hearing at which Respondent failed to appear. The Hearing Officer now tenders her findings and conclusions; they have not been challenged.

Upon examination of said findings, the record of the evidence, and all other matters presented in this case, we now find that the Respondent, William C. Runyon, was admitted to the practice of law during 1967. On December 6, 1979, he was convicted in the United States District Court for the Southern District of Iowa on three felony counts of possession of firearms not registered to him in the National Firearms Registration and Transfer Record, a violation of Title 26 U.S.C. §§ 5861(d) and 5871. The Respondent was committed to the custody of the Attorney General for imprisonment for the maximum period authorized by law and for a study, as described in Title 18 U.S.C. 4205(d).

This conviction arose out of an incident during which officers of the Iowa City police department were summoned by neighbors who had noticed the Respondent force his way into an apartment in Iowa City, Iowa. The apartment was occupied by the Respondent's former spouse. The officers were let into the apartment by the management. After the police summoned the occupants to show themselves, the ex-spouse informed them that the Respondent was armed and had a machine gun. The police conducted a search and found Respondent to be armed with a loaded .38. In the apartment's upstairs, they also found and seized an Ingram M-10, .45 caliber machine gun with a clip already in it and a Military Armament Corporation Silencer for an M-10, .45 caliber weapon.

The Respondent had brought these weapons with him to the apartment. After forcing his way into the apartment, he struck his ex-wife with a club and held her at gun-point with the machine gun until requested by the police to come forth. At all times, until seized by the police, the machine gun was covered by a trash bag, but Respondent's ex-wife was made aware and knew that it was a machine gun. Subsequently, the Respondent's vehicle was impounded and, upon an impound inventory search, a Colt M-16 fully automatic rifle was discovered in the trunk. Special Agent John Owen of the Bureau of Alcohol, Tobacco and Firearms of the U.S. Treasury Department testified at the federal trial of Respondent that both weapons are machine guns. The federal conviction relates to the possession of the two machine guns and silencer.

Respondent's conviction alone cannot adequately portray the severity of the conduct which is its basis. The evidence adduced during Respondent's federal prosecution and his subsequent conviction thereon, leads us to conclude that he engaged in illegal conduct involving moral turpitude, in violation of Disciplinary Rule 1-102(A)(3). Such conduct reflects adversely on his fitness to practice law and is further violative of Disciplinary Rule 1-102(A)(6).

Whatever Respondent's motivation, intentional or irrational, his actions during this incident remain heinous. It is our responsibility to safeguard the public from unfit lawyers, whatever the cause of the unfitness may be. *In re Hayes, Jr.* (1984), Ind., 467 N.E.2d 20; *In re Vincent* (1978), 268 Ind. 101, 374 N.E.2d 40; *In re Connor* (1976), 265 Ind. 610, 358 N.E.2d 120. It is, thus, our conclusion that the misconduct set out above warrants the strongest sanction available and that, accordingly, the Respondent should be disbarred. We do take notice of the fact that Respondent's temporary suspension took effect on December 14, 1981, upon an agreed entry between the parties. In light of this, the Respondent's disbarment is to run as of the date of his temporary suspension. It is, therefore, ordered, that, by reason of the misconduct found herein, the Respondent be and he hereby is disbarred as an attorney in the State of Indiana, effective December 14, 1981.

Costs of this proceeding are assessed against the Respondent.