**In the Matter of William C. ERBECKER.**

**Nos. 380S82, 585S197.**

Supreme Court of Indiana.

Oct. 5, 1987.

Duge Butler, Owen Mullin, Indianapolis, for respondent.

William G. Hussman, Clifford R. Courtney, Staff Attys., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

On October 30, 1981, this Court found the Respondent to be a disabled lawyer and imposed certain restrictions on his practice of law. These conditions were slightly modified on April 8, 1982, but otherwise remain in full force and effect. By reason of alleged violations of the restrictions imposed on the Respondent, the Disciplinary Commission, under Cause Number 380 S 82, now petitions this Court for further consideration of whether Respondent remains a disabled lawyer. Contemporaneous with the filing of their petition, the Disciplinary Commission further requested that the Respondent be suspended during the deliberation of this cause.

Additionally, under Cause Number 585 S 197, the Disciplinary Commission has filed a Verified Complaint for Disciplinary Action, pursuant to Admission and Discipline Rule 23, Section 12, (accompanied by a petition for suspension pending prosecution) charging the Respondent with two counts of misconduct, namely, neglect of a legal matter and damaging his client, in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(3) of the *Code of Professional Responsibility.*

After a consolidated hearing, the Hearing Officer appointed to hear both proceedings has submitted his Findings and Recommendations. On the issue of temporary suspension pending final prosecution, the Hearing Officer determined that the evidence does not warrant immediate suspension. Thus, the case is now before this Court for a final determination on the question of disability and the petition for disciplinary action. Neither party has challenged the Hearing Officer's report.

Upon review of the matters before this Court, we now find, in regard to the issue of disability, that by an Order of October 30, 1981, and a subsequent amendment of April 8, 1982, the Respondent was allowed to continue practicing law, but only upon the following conditions:

a) That the Respondent's conduct as an attorney be monitored and supervised by the Indianapolis Bar Association Committee for Impaired Lawyers under a program approved by this Court on August 19, 1980, and

b) That the Respondent continue to be treated as an out-patient hospital patient and that the attending physician of the Respondent make periodic reports of the Respondent's physical and mental condition to the Disciplinary Commission, and

c) That the Respondent be regularly enrolled in the rehabilitation program of Alcoholics Anonymous, and

d) That the Chairman of the Indianapolis Bar Association Committee for Impaired Lawyers make quarterly written reports of the Committee's supervision of Respondent's practice of law to the Disciplinary Commission and to this Court, and

e) That the Respondent's practice be limited to the geographic region of Indianapolis, Indiana, with the exception of

cases which are venued out to other counties in this State.

Accepting the Hearing Officer's report, this Court now further finds that the Respondent did not continue to be treated as an out-patient hospital patient for alcoholism or mental illness following the order of October 30, 1981, and provided no reports to the Commission in that regard. Furthermore, Respondent has never provided to the Disciplinary Commission the required reports by his attending physician. Between September 14, 1984 and October 24, 1984, the Respondent suffered a "nervous breakdown". He did not cause any report of his condition and treatment to be reported to the Commission until July, 1986. The Respondent's Discharge Report from the hospital in October, 1984 required him to be seen regularly by Dr. Masbaum. Respondent has not done so. No Final Report has been received by the Commission from Dr. Masbaum. Respondent was not continually enrolled in the rehabilitation program of Alcoholics Anonymous, although he has, since April, 1986, become active in AA. No quarterly reports of the supervision of Respondent's practice have been received since March of 1983.

In light of the foregoing findings, we conclude that the Respondent has failed to comply with this Court's Order of October 30, 1981 and April 8, 1982.

Under Count I of the Verified Complaint for Disciplinary Action, we find that, on November 29, 1983, the Respondent was retained to perfect an appeal for John Lett. The Respondent filed a Motion to Correct Error which was overruled on January 6, 1984. On February 7, 1984, he filed a Motion for Entire Praecipe, but said motion was denied on February 17, 1984 because it was filed late or 31 days after the ruling on the Motion to Correct Error. Lett's mother, Sylvia Lawson, had sent checks to the Respondent for the purchase of a transcript. However, after the Respondent failed to return her calls or to take other action on behalf of Lett, Lawson stopped payment on the checks and the Respondent was unable to purchase a transcript. The Respondent failed to seek permission from the Court to file a belated appeal and took no other action in the case after February 17, 1984. He did not formally withdraw or seek permission for Lett to proceed *in forma pauperis*. These findings clearly demonstrate that the Respondent violated Disciplinary Rules 6–101(A)(3) and 7–101(A)(3) of the *Code of Professional Responsibility* by neglecting a legal matter and prejudicing and damaging his client.

As to Count II, we find that the Respondent defended Michael Franklin in a criminal matter for which, on July 1, 1983, Franklin was sentenced to five years. At such time, the Respondent agreed to begin the appeal process and to file a Motion to Correct Error. The Respondent failed to file the Motion to Correct Error within the 60–day period provided by Trial Rule 59 of the Indiana Rules of Court. On November 2, 1983, the Respondent requested permission to file a belated Motion to Correct Error which request was granted on November 4, 1983. Thereafter, he filed a one-page Belated Motion to Correct Error which was denied on January 3, 1984. In light of the foregoing findings, we conclude that the Respondent violated Disciplinary Rule 6–101(A)(3) of the *Code of Professional Responsibility* by failing to file a Motion to Correct Error for approximately six (6) months after his client was sentenced to a five (5) year term of imprisonment.

The evidence before us clearly establishes that, since our determination of disability and imposition of restrictions, the Respondent has not only failed to comply with the proscribed conditions, but has also engaged in further acts of misconduct. This Court has a responsibility to safeguard the public from unfit lawyers, whatever the cause of unfitness may be. *In re Runyon* (1986), Ind., 491 N.E.2d 189; *In re Hayes, Jr.* (1984), Ind., 467 N.E.2d 20; *In re Vincent* (1978), 268 Ind. 101, 374 N.E.2d 40; *In re Connor* (1976), 265 Ind. 610, 358 N.E.2d 120. In light of the ineffectiveness of restricting Respondent's practice and his continued misconduct, this Court would be remiss in our duty to the public were we to allow the Respondent to continue practicing law. Under these circumstances, a pe-

riod of suspension from the practice of law is warranted.

IT IS, THEREFORE, ORDERED that the Respondent, William C. Erbecker, is hereby suspended from the practice of law for a period of not less than one (1) year, beginning November 6, 1987.

Costs of this proceeding are assessed against the Respondent.

DeBRULER, J., dissents and would impose a suspension for a period of six (6) months.