### In the Matter of Robin J. STOVER–POCK.

### No. 06S00–9106–DI–427.

Supreme Court of Indiana.

Dec. 17, 1992.

Jeffrey H. Frandsen, Parr Richey Obremskey & Morton, Indianapolis, for respondent.

Sheldon Breskow, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Comm'n.

PER CURIAM.

The Respondent, Robin J. Stover–Pock, was charged in a verified complaint for disciplinary action with violations of Rules 8.4(b) and 8.4(c) of the *Rules of Professional Conduct for Attorneys at Law*. The disciplinary charges stemmed from Respondent's criminal conviction on two felony counts.

The case was heard by a Hearing Officer appointed by this Court pursuant to Admission and Discipline Rule 23, Section 11(b), who tendered his Findings of Fact and Recommended Disposition. Neither party has petitioned for review, and the case is now before this Court for final adjudication. When, as in this case, the Hearing Officer's findings are unchallenged, this Court accepts the same with an understanding that the ultimate determination rests with this Court.

Accordingly, we find that the Respondent has admitted each of the allegations of wrongdoing lodged against her. On May 31, 1990, Respondent knowingly presented to a pharmacist at a Hook–SuperX store a prescription purported to have been issued by Dr. Habegger for 60 Cogesic tablets (a pain reliever classified in Schedule II of the Indiana Uniform Controlled Substances Act). As a result, Respondent received the requested medicine. On June 7, 1990, and also on June 11, 1990, she again knowingly presented to pharmacists similar written instruments and again obtained a quantity of the same controlled substance. The Respondent admits that she acquired possession of the controlled substance by forgery, misrepresentation, fraud and deception because the purported prescriptions were not issued by Dr. Habegger.

On June 12, 1990, she was charged with three criminal offenses, one of forgery, one

of possession of a controlled substance, and one of obtaining a controlled substance by fraud or deceit. She was convicted on two counts, Forgery, a Class C Felony, and Obtaining Controlled Substance by Fraud or Deceit, a Class D Felony. Her sentence was suspended and she was placed on probation.

These undisputed findings clearly establish that Respondent committed criminal acts that reflect adversely on her honesty, trustworthiness and fitness as a lawyer, in violation of Rule 8.4(b). We conclude further that, by her actions, she engaged in conduct involving dishonesty, fraud deceit or misrepresentation in violation of Rule 8.4(c) of the *Rules of Professional Conduct.*

We also find that there are circumstances surrounding Respondent's misconduct which shed further light on her actions. Respondent has a chronic medical condition known a Crohn's Syndrome from which she has suffered for some ten years. As a result of such disease, she had two operations whereby a portion of her intestine was removed by surgery. In 1984 the Respondent was injured in a serious automobile accident after which she spent nearly one year recuperating. Her recovery was complicated by the medicine that was required to alleviate the Crohn's Syndrome symptoms. The treatment for both conditions involved the use of pain killers, and, over a period of time, the Respondent became addicted to opiates.

After her arrest, the Respondent sought treatment at St. Vincent's Stress Center in Indianapolis where she was diagnosed as chronically depressed and severely addicted to opiates. Upon completion of her stay at the Stress Center, she entered an outpatient treatment program to which she has adhered closely. The Hearing Officer also found that, although she may still be addicted, she has remained drug-free. Because of her medical condition, the Respondent has never been able to practice law or to work as an attorney.

In assessing an appropriate sanction, we examine the nature of the violation, the specific acts of the Respondent,

this Court's responsibility to preserve the integrity of the Bar, and the risk to which the public will be subjected if the Respondent is permitted to continue in the profession. *In re Gemmer* (1991), Ind., 566 N.E.2d 528; *In re Kern* (1990), Ind., 555 N.E.2d 479; *In re Hampton* (1989), Ind., 533 N.E.2d 122. The very nature of this Respondent's criminal acts indicate a serious lack of trustworthiness and professional fitness. This Court has a duty to safeguard the public from unfit lawyers, whatever the cause of unfitness may be. *In re Campbell* (1989), Ind., 546 N.E.2d 821; *In re Powell* (1988), Ind., 526 N.E.2d 971; *In re Erbecker* (1987), Ind., 513 N.E.2d 1214. However, we are mindful of the fact that, at the time of misconduct, the Respondent was addicted to opiates as a result of her medical condition and of the fact that she has made a concerted effort to overcome her addiction. Under these circumstances, we find that a lengthy period of suspension appropriately addresses the severity of the misconduct and the possibility for the Respondent to seek reinstatement at the expiration of the suspension. It is, therefore, ordered that the Respondent, Robin J. Stover–Pock, is hereby suspended for a period of three (3) years, beginning January 11, 1993.

Costs of this proceeding are assessed against the respondent.