**In the Matter of Clifford D. SHAUL.**

**No. 49S00–9011–DI–716.**

Supreme Court of Indiana.

March 16, 1993.

---

J. Richard Kiefer, Safrin, Kiefer & McGoff, Indianapolis, for respondent.

David B. Hughes, Indianapolis, for The Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

The Respondent, Clifford D. Shaul, was charged in a complaint for disciplinary action with two counts of professional misconduct. Pursuant to Ind.Admission and Discipline Rule 23(11)(b), this court appointed a hearing officer who, after a final hearing, tendered his report on findings of fact and conclusions of law.

Neither party challenged the report, and this matter is now before us for final judgment. When the hearing officer's findings are unchallenged, this court accepts the same with the understanding that the ultimate determination rests with this court. *Matter of Stover–Pock* (1992), Ind., 604 N.E.2d 606.

The Respondent was admitted to the Bar of this state on October 21, 1975. As a result of a prior disciplinary action, he was suspended for a period of one year beginning June 26, 1992. *Matter of Shaul* (1992), Ind., 592 N.E.2d 687. Pursuant to Admis.Disc.R. 23(4), he will become eligible to petition for reinstatement at the expiration of such period of suspension. Because of this future eligibility, we now entertain this proceeding which seeks additional sanction, notwithstanding the existing order of suspension.

Under Count I, we find that on April 21, 1987, Sybil F. Packard retained the Respondent to pursue a personal injury claim against Sears. Packard had fallen in a Sears store, fracturing her hip. Respondent initiated the action on December 14, 1987, and so advised his client.

Thereafter, Respondent met with Packard to prepare for a deposition. Packard's last contact with Respondent (aside from this disciplinary proceeding) was on July 7, 1988, when she appeared for the deposition.

In July, 1988, Packard went to Florida for eight months and wrote to Respondent, advising him of her new address.

Discovery continued in the litigation, and, on November 2, 1988, Sears propounded interrogatories and a request for production. After the due date had passed without a response, Sears' attorney telephoned Respondent several times and finally wrote to him on December 12, 1988, asking for compliance with the discovery requests. Respondent did not reply. Sears filed a motion to compel which was granted, and Respondent was given 30 days to comply.

During this time, Packard also tried unsuccessfully to contact Respondent for an update on her litigation. She finally sent a certified letter to him on December 6, 1988, but he did not respond.

On April 21, 1989, Sears' Motion to Dismiss for Failure to Comply with the Order Compelling Discovery was granted. Packard, unaware of the court's action, sent another certified letter to Respondent expressing her desire to settle the lawsuit. Receiving no response once again, she hired a private investigator to discover Respondent's whereabouts. When Respondent was located, Packard learned of the dismissal of her case. She filed a disciplinary grievance and civilly sued Respondent. He failed to defend the suit, and a thirty thousand dollar ($30,000) default judgment was entered against him, but he was without insurance or personal assets to satisfy it.

The foregoing findings clearly and convincingly establish that Respondent failed to represent his client with promptness and diligence, thereby violating Ind.Professional Conduct Rule 1.3; he failed to keep her

reasonably informed about her litigation and failed to comply promptly with requests for information, in violation of Prof. Cond.R. 1.4(a); he failed to provide competent representation, in violation of Prof. Cond.R. 1.1; he failed to make a reasonably diligent effort to comply with a legally proper discovery request, in violation of Prof.Cond.R. 3.4(d); and he engaged in conduct that was prejudicial to the administration of justice, in violation of Prof.Cond.R. 8.4.

Under Count II, we find that Respondent represented Sarah E. Robinson in a marriage dissolution proceeding. The marriage was dissolved on September 29, 1988. Respondent was successful in obtaining custody of the children for Robinson as well as a maintenance award of $190 per week. The trial court also ordered each party to cooperate in executing documents to effectuate the decree.

To finalize the division of property, Robinson was to transfer title of a motor vehicle and deliver it to opposing counsel. Additionally, she was to receive certain shares of stock held by her husband and receive reimbursement for $1,500 in medical expenses.

Robinson called Respondent almost daily, but he did not respond. On April 24, 1989, she sent a certified letter demanding return of the pertinent materials in her file in order for her to secure new counsel. The letter was returned unclaimed. On May 2, 1989, opposing counsel also wrote to Respondent in an attempt to conclude the stock and title issues. Robinson retained Respondent's former law partner to secure release of the file, and she also filed a grievance with the Disciplinary Commission. Respondent did not turn over the relevant materials from the file until March 1991, shortly before the first scheduled hearing date in this proceeding.

In light of the foregoing findings, we conclude that the Respondent failed to represent his client with promptness and reasonable diligence, in violation of Prof. Cond.R. 1.3; and he failed to keep his client reasonably informed and failed to comply with her requests for information, in violation of Prof.Cond.R. 1.4(a).

The hearing officer also made substantial findings concerning Respondent's medical condition during much of the time in issue. Respondent experienced chronic health problems during 1987, and on July 23 of that year underwent surgery whereby 60% of his liver was removed. After one month of hospitalization, he convalesced at home until October, but he still experienced a very low concentration level. His partner, who had covered for him, suffered a heart attack in November and didn't resume work until January, 1988. For a period of time, Respondent augmented his income through different sales activities, all of which failed. The hearing officer also found that Respondent conceded his responsibility for the dismissal of Packard's case and his unresponsiveness to Robinson but offered no explanation other than he "simply wasn't focused." Although he found that Respondent can be a very talented attorney, the hearing officer noted that this is repetitive misconduct which should not be allowed to continue.

This Court must now determine what sanction, if any, is appropriate in this case. In doing so, we consider the disciplinary offense; the duty violated; the actual or potential injury; the state of mind of the Respondent; the duty of this Court to preserve the integrity of the profession; the risk to the public, if any, in permitting the attorney to continue in the profession; and any aggravating or mitigating circumstances. *Matter of Cawley, Jr.* (1992), Ind., 602 N.E.2d 1022. Respondent's lack of diligence resulted in substantial injury and great inconvenience to his clients. He was well aware of his derelict conduct for which he had no explanation. We also note that the misconduct in this case was not an isolated instance nor is this proceeding Respondent's only disciplinary challenge. *Matter of Shaul, Supra.* We are mindful of Respondent's medical problems and the Hearing Officer's favorable impression of Respondent's professional potential. However, the number of aggravating factors convince us that the Respondent should be

suspended for a period beyond the expiration of his present suspension.[1] It is, therefore, ordered that Clifford D. Shaul is suspended from the practice of law for a period of one (1) year consecutive to his present suspension. Thus, the period of suspension ordered herein shall begin June 27, 1993.

Costs of this proceeding are assessed against Respondent.

---

1. *American Bar Association Model Standards for Imposing Lawyer Sanctions,* Standard 9.2, lists prior disciplinary offenses, a pattern of misconduct, multiple offenses, vulnerability of victims and indifference to making restitution as aggravating factors.

Standard 4.42 states that suspension is appropriate when a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury; or b) a lawyer engages in a pattern of neglect and causes injury or potential injury.