**In the Matter of Samuel OATES.**

**No. 49S00–9201–DI–77.**

Supreme Court of Indiana.

Nov. 24, 1993.

---

Samuel Oates, pro se.

Charles M. Kidd, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent, Samuel Oates, was charged by a disciplinary complaint with violating Rules 1.3 and 1.16(d) of the *Rules of Professional Conduct for Attorneys at Law.*[1] The charges stem from Respondent's representation of Gerald A. Hubbard ("Hubbard") in a criminal matter. This Court appointed a hearing officer pursuant to Ind. Admission and Discipline Rule 23(11)(b), and, after hearing, he tendered to this Court his findings of fact and conclusions of law. Neither party has challenged the hearing officer's tendered reports. This case is now before us for final judgment.

■ When, in a case such as this one, the findings of the hearing officer are un-

challenged, this Court accepts those findings with the reservation that the ultimate determination rests with this Court. *In re Shaul* (1993), Ind., 610 N.E.2d 253; *In re Stover–Pock* (1992), Ind., 604 N.E.2d 606.

■ Respondent was admitted to the Bar of this state on October 9, 1974, and as such is subject to the disciplinary jurisdiction of this Court. Respondent orally agreed to represent Hubbard shortly after Hubbard's arrest on October 7, 1989.[2] Hubbard paid Respondent a fee of $500.00. Respondent accompanied Hubbard to an initial hearing on October 9, 1989, during which Respondent entered an appearance on Hubbard's behalf. At the hearing, Hubbard was released to the Respondent after a bond reduction. Hubbard's case was set for final disposition on November 14, 1989. Respondent told Hubbard to come to his office and make arrangements for trial. However, Hubbard was later unable to contact Respondent and had no communication with him thereafter. Respondent failed to appear at Hubbard's bench trial on November 14. Hubbard elected to proceed with the trial despite Respondent's absence, and was found guilty as charged.

Respondent made no attempt to withdraw his appearance on behalf of Hubbard nor did he send notification to Hubbard that he was terminating the representation. Hubbard eventually filed a grievance against Respondent with the Indianapolis Bar Association Grievance Committee. In response thereto, Respondent sent M. Kent Newton, chairman of the committee, a money order for $250.00, accompanied by instructions to forward the money to Hubbard in satisfaction of the complaint. Mr. Newton returned the money order to Respondent. In a letter in response to Hubbard's grievance with the Commission, Respondent claimed that he was waiting for

1. Those Rules are as follow:
   Rule 1.3. A lawyer shall act with reasonable diligence and promptness in representing a client.
   Rule 1.16(d). Upon termination of representation, a lawyer shall takes steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to

which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to client to the extent permitted by other law.

2. Although Hubbard was arrested under several preliminary charges, he was ultimately formally charged only with resisting a law enforcement officer, a Class A Misdemeanor.

Hubbard to contact him and let him know if he wanted Respondent to represent him at trial for another $200. On April 6, 1992, over two months after the filing of the Verified Complaint, Hubbard wrote to the Commission and asked that the grievance against Respondent be dropped, but he did not retract any of the allegations originally made to the Commission.

We conclude that Respondent's failure to appear at Hubbard's bench trial violated Prof.Cond.R. 1.3 in that it reflects a lack of reasonable diligence and promptness in representing a client. Further, Respondent violated Prof.Cond.R. 1.16(d) by failing to take steps to protect his client's interest in that he did not give reasonable notice to Hubbard that he was terminating representation and left him with little or no time to employ other counsel.

In our assessment of an appropriate sanction, we are disturbed that the effect of Respondent's misconduct was to leave his client without counsel during the most critical stage of his case. The Hearing Officer's findings are silent as to any particular harm or adverse effect Respondent's negligence had on the client's interests. We do note that, for whatever reason, the client attempted to withdraw his complaint, although he did not repudiate the allegations of misconduct.

Considering the factors above, we conclude that a public reprimand is in order. This sanction comports with that recommended by the American Bar Association in similar situations. See American Bar Association *Standards for Imposing Lawyer Sanctions*, Standard 4.43 (indicating a reprimand is appropriate where an attorney "is negligent and does not act with reasonable diligence in representing a client . . ."). Accordingly, the Respondent, Samuel Oates, is hereby reprimanded and admonished for the conduct set out above.

Costs of this proceeding are assessed against the Respondent.

SULLIVAN, J., not participating.