**In the Matter of Lloyd R. TURNER.**

**No. 89S00–9406–DI–583.**

Supreme Court of Indiana.

Dec. 15, 1995.

Lloyd R. Turner, Pro Se.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

The respondent, Lloyd R. Turner, is charged with failing to timely file an appeal on behalf of a criminal defendant and thereafter failing to so inform the defendant. This matter is now before this Court for final resolution upon the duly-appointed hearing officer's findings of fact and conclusions of law.

After full evidentiary hearing, the hearing officer found that the respondent engaged in misconduct as charged, but concluded that the conduct was attributable, at least in some part, to "personal problems and substance abuse." Upon initial review of the hearing officer's findings, this Court ordered the respondent to file an evaluation regarding his substance abuse history and his present condition and fitness, which he has done. Neither party has petitioned this Court for review of the hearing officer's findings, and we thus accept and adopt them with the understanding that the ultimate determination of misconduct and sanction rests with this Court. *In re Dahlberg* (1993), Ind., 611 N.E.2d 641.

Accordingly, we now find that the respondent was admitted to this state's Bar in 1977 and is therefore within this Court's professional discipline jurisdiction. At all times relevant to this matter, the respondent was practicing law as a state public defender. On October 15, 1991, the respondent was appointed by the Rush Circuit Court to perfect an appeal on behalf of an individual (the "defendant") who had been convicted of fraud and sentenced to eight years imprisonment. Although he timely filed a two-volume record, the respondent never filed an appellant's brief, as required by Ind.Appellate Rule 8.1, despite having been granted a 45-day extension of time during which to do so. Because of the respondent's omission, the Indiana Court of Appeals dismissed the defendant's appeal on July 1, 1992. Thereafter, the defendant and members of his family made numerous attempts to contact the respondent, by mail and telephone, to learn the disposition of the appeal. The respondent responded to none of their inquiries. Ultimately, the defendant learned of the appeal's dismissal only after making a *pro se* request to the court for copies of the briefs of the parties.

We find that the respondent violated Rule 1.3 of the *Rules of Professional Conduct for Attorneys at Law,* which provides: "A lawyer shall act with reasonable diligence and promptness in representing a client." We find further that the respondent violated Ind.Professional Conduct Rule 1.4, which provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Having found that the respondent engaged in professional misconduct, we now must assess an appropriate disciplinary response. In this regard, we note that the hearing officer concluded that the respondent never made any positive direct misrepresentation to the client, but rather "neglected" to adequately communicate with him or his family. While accepting that the respondent's miscommunication and failure to timely file the defendant's brief were largely unintentional, we are nonetheless troubled because respondent's lapses reflect his inability to adequately serve the needs of a client. This Court has a duty to protect the public from unfit practitioners, whatever the cause of the unfitness may be. *In re Erbecker* (1987),

Ind., 513 N.E.2d 1214. Pursuant to this Court's order, the respondent submitted the results of his chemical dependency evaluation. The report indicates, *inter alia*, that the respondent suffers from "chemically dependent alcoholism," but that he has abstained from alcohol for several months and has made a commitment to regularly attend meetings of Alcoholics Anonymous. Further, the respondent has verified that he has successfully completed a formal ten-week substance abuse treatment program.

We recognize that a client suffered injury because of the respondent's inaction. This Court does not take lightly the loss of available legal remedies due to a lawyer's lack of diligence. We are convinced that, given that the respondent's misconduct worked significant harm on a client, a period of suspension is warranted. By the same token, we are mindful of the steps the respondent has taken to control his alcohol dependency and that his misconduct appears to be an isolated event. We therefore conclude, based on the above considerations, that the respondent's period of suspension should be suspended to probation.

It is, therefore, ordered that the respondent, Lloyd R. Turner, be suspended from the practice of law for a period of ninety (90) days, effective immediately. Such period of suspension is suspended to probation in light of the respondent's successful completion of a formal substance abuse treatment program. Upon passage of the ninety-day period of suspension and submission of proof of continued abstinence and involvement in Alcoholics Anonymous, the respondent shall be automatically reinstated fully to the practice of law.

Costs of this proceeding are assessed against the respondent.