**In the Matter of John A. CAWLEY.**

No. 20S00–9511–DI–1262.

Supreme Court of Indiana.

April 4, 1997.

John A. Cawley, Pro se.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent, John A. Cawley, has been charged with neglecting the legal affairs of a client. The hearing officer appointed by this Court heard evidence presented by the respondent and the Disciplinary Commission and in his report to this Court found misconduct. Neither party has petitioned this Court for review of the hearing officer's findings, and this matter is now before us for final resolution.

Having been admitted to this state's bar in 1968, the respondent is subject to our disciplinary jurisdiction. Because neither party challenged the hearing officer's findings, we approve and adopt them with the understanding that final determination rests with this Court. *In re Stover–Pock,* 604 N.E.2d 606 (Ind.1992).

In 1991, a married couple (the "clients"), having just purchased a home, discovered several defects in the property which had not been disclosed by the previous owners. The clients contacted the respondent and asked him to determine if they had a viable cause of action against the previous owners. He informed them that, although their contemplated claim was "problematic," he would represent them on an hourly fee basis. In May 1992, the respondent filed a complaint in Elkhart Superior Court against the former owners, the realty company, and the broker involved in the sale. In a letter sent to the trial court on May 18, 1992, the previous owners denied the complaint's allegations. Additionally, the previous owners gave the respondent's clients a check for $1,000 as compensation for certain problems with the home. On September 17, 1992, the real estate agency and broker, by counsel, filed an answer, affirmative defenses, and jury demand. The respondent moved for summary judgment against the previous owners on September 29, 1992, which the court later denied after consideration of opposing affidavits filed by the previous owners' newly-hired counsel.

On November 23, 1992, the trial court granted the real estate agency and broker's motion for summary judgment. The respondent prepared requests for admissions and interrogatories, but never served them on opposing counsel. On December 14, 1992, this Court suspended the respondent from the practice of law for a period of six months for the unauthorized use of client funds in an unrelated case. *In re Cawley*, 602 N.E.2d 1022 (Ind.1992). Later, the respondent telephoned his clients to inform them of the suspension, that he hoped to keep their case, and that another lawyer would assist with their case during his suspension. During the actual suspension period, the clients could not reach nor were they contacted by substitute counsel. At the end of February 1993, the respondent's partner, who was to have served as substitute counsel, withdrew from the respondent's firm after having taken no action on behalf of the clients. The clients never independently retained other counsel and the respondent never withdrew his appearance during his suspension.

The respondent was reinstated on June 14, 1993. Frustrated with the lack of progress on their claim, the clients wrote to the respondent on June 19, 1993 to complain of their inability to contact him. They threatened to file a grievance unless the respondent communicated with them within two weeks. The respondent did so, sending two messages to his clients over the next month and beginning anew work on their file. He suggested they try to mediate the claim, to which they agreed. He then contacted opposing counsel to discuss stipulations, arrange continued discovery, and schedule possible mediation. When opposing counsel failed to respond, the respondent took no further action, prompting the clients to later file a grievance against him.

■ Professional Conduct Rule 1.3 requires lawyers to act with reasonable diligence and promptness in representing clients. After his reinstatement and a brief flurry of activity on the clients' case, the respondent allowed it to languish. Therefore, we find that he violated Prof.Cond.R. 1.3 by failing to advance diligently and promptly his clients' claim after his reinstate-

ment. Pursuant to Prof.Cond.R. 3.2, a lawyer must make reasonable efforts to expedite litigation consistent with the interests of his clients. The respondent failed to do so and thus also violated Prof.Cond.R. 3.2.

■ Our finding of misconduct necessitates determination of an appropriate sanction. In so doing, we consider the nature of the misconduct, the duty or duties violated, the state of mind of the respondent, harm or potential harm flowing from the misconduct, our duty to protect the integrity of the profession, the risk attendant to allowing the respondent to continue in practice, and factors in aggravation or mitigation. *In re Drozda*, 653 N.E.2d 991 (Ind.1995). The hearing officer in this case recommended a public reprimand.

■ Although initially the respondent effectively advocated his clients' cause, he later delayed its resolution and no doubt caused his clients considerable anguish. Once retained, a lawyer has a duty to carry through to conclusion all matters related to the representation unless the lawyer withdraws. *ABA Committee on Ethics and Professional Responsibility*, Informal Op. 86–1520 (1986). The respondent failed to discharge that duty. In mitigation, the hearing officer found that opposing counsel's failure to respond to mediation requests contributed to the respondent's inaction. Further, the respondent thought it inappropriate to contact the clients after they filed a grievance against him, and because of that belief prolonged his period of inaction. We note also that the respondent and his clients apparently reconciled after disciplinary hearing of this matter and restored their attorney-client relationship. In light of these considerations, we are satisfied that the hearing officer's recommendation is commensurate with the misconduct in this case.

It is, therefore, ordered that the respondent, John A. Cawley, is hereby reprimanded and admonished for the misconduct occurring in this case. The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the

clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.