In the Matter of Steven John MOERLEIN.

No. 71S00-9901-DI-56.

Supreme Court of Indiana.

June 13, 2000.

Steven John Moerlein, pro se.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Steven John Moerlein, the respondent in this attorney disciplinary matter, admits that, after agreeing to pursue a claim on behalf of a client, he thereafter failed to ever file suit or attempt to obtain any relief for his client. Later, after the client filed a grievance with the Disciplinary Commission, the respondent failed to respond to the Commission's demand for information.

This case now comes before us upon the respondent's and the Commission's *Statement of Circumstances and Conditional Agreement for Discipline,* entered pursuant to Ind.Admission and Discipline Rule 23(11)(c). That agreement, which provides that the respondent is to be publicly reprimanded for his misconduct, is now before us for final approval. The respondent's admission to the bar of this state in 1981 confers our disciplinary jurisdiction here.

The parties agree that in December 1994, a client met with the respondent in his office to discuss pursuing a claim against a utility company that she alleged had damaged her septic tank and basement wall while digging a trench in her yard. The client provided the respondent with photographs, bills, and other items related to her claim. Although the client never spoke directly with the respondent

again after their meeting, she was kept abreast of the status of the case each time she called the respondent's office for an update. The respondent never filed suit or obtained a settlement in regard to the contemplated claim. On May 1, 1997, the client filed a grievance against the respondent with the Indiana Supreme Court Disciplinary Commission. Despite receiving notice of the grievance, the respondent failed to submit a response, as required by Ind.Admission and Discipline Rule 23(10)(a)(2).

Indiana Professional Conduct Rule 1.3 provides that a lawyer, while representing a client, shall act with reasonable diligence and promptness. By failing to take meaningful action on his client's contemplated claim after being hired to do so, the respondent violated the rule. Professional Conduct Rule 8.1(b) provides that a lawyer, in connection with a disciplinary matter, shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority. By failing to respond to the Commission's demand for response to the client's grievance, the respondent violated Prof.Cond.R. 8.1(b).

The parties have agreed that the respondent should be publicly reprimanded for his misconduct. When assessing the adequacy of a proposed sanction, we examine the nature of the misconduct and any mitigating or aggravating factors. We also examine the facts surrounding the misconduct, the respondent's state of mind, duties that were violated, the actual or potential injury to the client, and the risk to the public. *Matter of Drozda*, 653 N.E.2d 991 (Ind.1995). In mitigation, the parties note that in order to provide greater control over his caseload and to provide better client service, the respondent has closed his law office in Knox, Indiana, reduced the caseload he maintains in his South Bend office, and implemented a computer-assisted case management system.

The respondent's misconduct is aggravated by the fact that he has been disciplined by this Court for unrelated misconduct. *Matter of Moerlein*, 520 N.E.2d 1275 (Ind.1988) (public reprimand for engaging in conflict of interest while serving as prosecuting attorney and for revealing client confidences).

In light of the aforementioned factors, we are persuaded that the proposed public admonition is appropriate under the circumstances of this case, given the respondent's failure to provide any meaningful action to his client during the representation and his subsequent disregard for the Commission's authority. Once retained, a lawyer has a duty to carry through to conclusion all matters related to the representation unless the lawyer withdraws. *ABA Committee on Ethics and Professional Responsibility*, Informal Op. 86–1520 (1986), *Matter of Cawley*, 678 N.E.2d 1112 (Ind.1997) (public reprimand where lawyer failed to pursue action to conclusion after initial filing of complaint and attempt at mediation).

It is, therefore, ordered that the respondent, Steven John Moerlein, is hereby reprimanded and admonished for the misconduct set forth above.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc. R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.