**In the Matter of John T. CARMODY.**

**No. 49S00–8608–DI–729.**

Supreme Court of Indiana.

Oct. 5, 1987.

No appearance for respondent.

William G. Hussman, Jr., Staff Atty., Clifford R. Courtney, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

The Respondent, John T. Carmody, has been charged in a two-count Verified Complaint for Disciplinary Action with engaging in conduct which violates Disciplinary Rules 1–102(A)(5) and (6), 6–101(A)(3), 7–101(A)(2) and (3) of the *Code of Professional Responsibility for Attorneys at Law.* After an attempt to notify the Respondent at his last known address, constructive service was effected pursuant to Admission and Discipline Rule 23, Section 12(d) because the Respondent has failed to make his current address available to the Executive Director of the Board of Law Examiners as required by Admission and Discipline Rule 23, Section 21. The Respondent has failed to pay his annual registration fee as required by Admission and Discipline Rule 23, Section 21, for which failure he was suspended from the practice of law by this Court's Order of August 26, 1987. The Respondent also failed to appear in this proceeding either in person or by counsel.

In accordance with the procedures set out in Admission and Discipline Rule 23, this case was heard by a duly appointed Hearing Officer who has submitted his report with findings of fact, conclusions of law and recommendation. The Hearing Officer's report has not been challenged, and the case is now before this Court for final determination.

Upon review of all matters submitted in his proceeding, we find, under Count I of the Complaint, that in October, 1983, Marsha Lockhart consulted with the Respondent concerning a claim for personal injuries. On May 9, 1984, the Respondent filed suit on Lockhart's behalf. Thereafter, he failed to respond to an Order Compelling Discovery and failed to appear at a June 27, 1985, hearing on a motion to dismiss for failing to comply with said order. As a result, the case was dismissed. The Respondent failed to notify his client of the hearing and the dismissal and has failed to communicate with her.

As to Count II, we find that the Respondent, while associated with Patrick Taylor of Patrick Taylor and Associates, met with Mrs. Bonnie M. McDaniel to discuss a property damage accident in which Mrs. McDaniel's vehicle had been involved. He accepted employment on July 17, 1984. Thereafter, Mrs. McDaniel attempted to contact the Respondent by telephone and by letter, but her attempts remained unanswered. In December 1984, Mrs. McDaniel requested a prompt filing of her claim, but the claim was not filed until February 27, 1985. On April 2, 1985, at Mrs. McDaniel's request, the Respondent petitioned to withdraw his appearance as counsel for Mrs. McDaniel. The Respondent returned only a portion of Mrs. McDaniel's file to her. The file contained an offer of settlement from the defendant which the Respondent

had never conveyed to his client, but it did not contain all materials originally given to him by Mrs. McDaniel. Mrs. McDaniel has been unable to locate the Respondent since approximately April, 1985.

The foregoing findings clearly establish that the Respondent neglected legal matters entrusted to him, failed to carry out his contract of employment, and, as a result, prejudiced and damaged his clients. Such conduct is prejudicial to the administration of justice and reflects adversely on his fitness to practice law. We, thus, conclude that the Respondent engaged in misconduct as charged.

The negligent conduct exhibited in this case is far more serious than a mere oversight or inadvertent delay beyond a deadline. The Respondent failed to perform and abandoned his clients, causing damage to them as a consequence. Such behavior convinces us that the Respondent cared little for his professional duties, his obligations to his clients or his own status as a lawyer. As we noted earlier, the Respondent has already been suspended from the practice of law for his failure to pay the requisite attorney registration fee. By virtue of the misconduct found in the present case, we conclude that Respondent's suspension should be for a lengthy period of time.

IT IS, THEREFORE, ORDERED that the Respondent, John T. Carmody, is hereby suspended from the practice of law for not less than three (3) years, beginning as of the date of this opinion, and that he may seek reinstatement only in accordance with the provisions of Admission and Discipline Rule 23, Section 4.

Costs of this proceeding are assessed against the Respondent.