## In the Matter of Edward W. MATZ.

### No. 98S00–8908–DI–650.

Supreme Court of Indiana.

Oct. 3, 1990.

Samuel J. Goodman, Highland, for respondent.

Sheldon A. Breskow, Indiana Supreme Court Disciplinary Com'n, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This case is before us on a conditional agreement tendered by the parties for this Court's approval. It emanates from a complaint for disciplinary action filed by the Indiana Supreme Court Disciplinary Commission charging the Respondent with engaging in conflict of interest in violation of Disciplinary Rules 4–101(B)(3), 5–105(A) and (C) of the *Code of Professional Responsibility for Attorneys at Law* and Rules 1.7(a) and (b) and 1.8(b) of the *Rules of Professional Conduct* which superseded said *Code*.

We find, in accordance with such agreement, that the Respondent, Edward W. Matz, is an attorney admitted to practice law in Indiana and is, thus, subject to this Court's disciplinary jurisdiction. The Respondent was suspended on May 23, 1990, for failing to comply with mandatory continuing legal education requirements and is not now in good standing.

We have reviewed the tendered agreement and find further that the parties have agreed on the following facts and circumstances. In November of 1985 Ryan O'Dell retained the Respondent to arrange for O'Dell's purchase of all shares in United Specialty Advertising, Inc. (United) not already owned by him.

In December of 1985, O'Dell retained Respondent a second time to pursue an action against a former United shareholder for operating a business using United's trademark. Upon settlement of this matter, the Respondent believed that he had concluded his representation of O'Dell. O'Dell, however, believed to the contrary.

While O'Dell was out of state, the Respondent consulted with a United employee about forming Tri–State Advertising (Tri–State), a business similar to United. Re-

spondent's investment of capital in the venture and conversation with other United employees resulted in the defection of United managers to Tri–State. O'Dell did not learn of this until sometime in February of 1986.

Relying on Respondent's unfavorable financial assessment of United in March of 1986, O'Dell consented to a complete buyout of United by Tri–State. O'Dell believed that Respondent was still representing him at that time.

From the foregoing findings, we conclude that the Respondent engaged in misconduct. We note that the Respondent was charged with violations of the *Code of Professional Responsibility* and the *Rules of Professional Conduct* which superseded the *Code*, effective January 1, 1987. In that the scrutinized conduct in this instance occurred prior to 1987, we conclude that the Respondent violated D.R. 5–105(A) and (C) and 4–101(B)(3) of the *Code*.

The parties have agreed that the appropriate sanction in this instance is a public reprimand, and the Respondent has submitted the affidavit required pursuant to R.A.D. 23, Section 17(a). We also note that the parties have stipulated that there exist mitigating circumstances, particularly Respondent's inexperience.

Respondent's entire conduct in this matter brings into question his understanding of the duties and responsibilities incumbent upon an attorney representing the interests of another. Having considered the particular nature of his acts and the mitigating circumstances, we conclude that the agreed discipline, a public reprimand, is an appropriate sanction.

Accordingly, the parties' agreement is hereby accepted and approved. It is, therefore, ordered that, by virtue of the misconduct set out above, the Respondent, Edward W. Matz, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.