**In the Matter of Thomas J. ROEMER.**

**No. 71S00–9203–DI–141.**

Supreme Court of Indiana.

Sept. 15, 1993.

Thomas J. Roemer, pro se.

David B. Hughes, Staff Atty., Indianapolis.

## DISCIPLINARY ACTION

PER CURIAM.

The Respondent, Thomas J. Roemer, was charged by a single count complaint with several violations of the *Rules of Professional Conduct for Attorneys at Law.* The charges stem from Respondent's undertaking to represent Jacqueline M. Blackaby ("Blackaby") in a bankruptcy proceed-

ing. Pursuant to Ind.Admission and Discipline Rule 23(11)(b), this Court appointed a hearing officer who, after hearing, tendered his report on findings of fact and conclusions of law.

Neither the Respondent nor the Disciplinary Commission have challenged the tendered report, and these matters are now before this Court for final judgment. At the outset, we note that when the hearing officer's findings are unchallenged, we accept such findings with the understanding that the ultimate determination rests with this Court. *Matter of Dahlberg* (1993), Ind., 611 N.E.2d 641.

Accepting these unchallenged findings, we find that on August 14, 1990, Respondent agreed to file bankruptcy proceedings on behalf of Blackaby, accepting $420.00 from Blackaby as full payment for all fees and filing costs. Soon after this meeting, Respondent moved his office to a new location.

On September 21, 1990, Blackaby signed the necessary papers, and Respondent informed her that the matter would be filed on the following Monday. For the next several weeks, Blackaby tried unsuccessfully to contact Respondent by telephone. Five weeks later, Blackaby contacted Respondent, and was told that the papers would be filed in a day or two.

Another four or five weeks passed with Blackaby receiving no communication from Respondent. She eventually managed to contact Respondent again, and was told that her case had been filed and was proceeding normally. During this period of time, creditors telephoned Blackaby at work repeatedly and in so doing endangered her continued employment.

Apparently still concerned about the status of her bankruptcy petition, Blackaby called Respondent in early January, 1991. Respondent again informed her that the case had been filed. Blackaby later contacted the clerk of the bankruptcy court and learned that there was no petition filed under her name. Again in late January/early February, 1991, Blackaby contacted Respondent and was assured that all papers were filed. The bankruptcy court clerk again indicated otherwise. On March 3, 1991, Blackaby wrote to Respondent, demanding return of the $420.00 she had paid to him, which he did on March 27, 1991. Respondent in fact never filed a bankruptcy petition on behalf of Blackaby.

The hearing officer concluded that Respondent's conduct violated Prof.Cond.R. 1.4 in that Respondent failed to keep his client informed about the status of her case and untruthfully told her that the case was filed when it was not. The hearing officer further concluded that Respondent violated Prof.Cond.R. 8.4(c) by engaging in conduct involving misrepresentation. The hearing officer did not find a violation of Prof. Cond.R. 1.2, as charged in the complaint.

■ We agree that Respondent's conduct violated Prof.Cond.R. 1.4 and 8.4(c). We further conclude that Respondent violated Prof.Cond.R. 1.2. That rule provides, in relevant part, that an attorney "shall abide by a client's decisions concerning the objectives of representation ...". Clearly, Blackaby's objective in seeking representation was to have a bankruptcy petition filed as soon as possible. That her continued employment was threatened due to the repeated harassing telephone calls she received at work from creditors underscored her urgent need for an expeditious filing. Blackaby and Respondent agreed that Respondent would file the petition. By failing to do so, Respondent clearly did not abide by his client's objectives and therefore violated Prof.Cond.R. 1.2.

■ Now that we have found misconduct, we must assess an appropriate sanction. This involves consideration of the disciplinary offense; actual or potential injury; the state of mind of the Respondent; the duty of this Court to preserve the integrity of the profession; the risk to the public, if any, in permitting the disciplined attorney to continue practice; and matters in mitigation, extenuation, or aggravation which arise from the factual setting presented by the case. *Matter of Shaul* (1993), Ind., 610 N.E.2d 253; *Matter of Cawley, Jr.* (1992), Ind., 602 N.E.2d 1022. Respondent's protracted failure to proceed

with Blackaby's case resulted in her being subjected to a prolonged period of harassment by her creditors. Further, Respondent deliberately told his client the filing was complete when in fact no filing ever took place. Such conduct undermines the very foundation of trust and reliance upon which the attorney/client relationship is built.

However, we also note that Respondent has practiced law in this state since 1935, and up until this point has compiled an unblemished record of service to his clients. The record before us indicates that a substantial factor in Respondent's failure to file his client's petition was the fact that he misplaced her file when he moved his office. We are persuaded that Respondent's ultimate failure to act was the result of negligence and not an intentional disregard of a professional obligation, although he later exacerbated the situation by deceiving his client as to the status of the case. In light of these considerations, we conclude a ninety (90) day suspension from the practice of law is an appropriate sanction.[1]

It is therefore ordered that Thomas J. Roemer is hereby suspended from the practice of law for a period of ninety (90) days beginning October 15, 1993.

Costs of this proceeding are assessed against the Respondent.

---

1. This sanction comports with the *American Bar Association Model Standards for Imposing Lawyer Sanctions,* Standard 4.62, which states that a suspension is warranted where an attorney knowingly deceives a client and where such action results in injury or the potential for injury to that client.