In the Matter of Michael D. BURTON.

No. 83S00–9108–DI–629.

Supreme Court of Indiana.

Dec. 20, 1993.

John A. Kesler, II, Terre Haute, for respondent.

Donald R. Lundberg, Indianapolis, for IN Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent, Michael D. Burton, was charged in a two count complaint for disciplinary action with failing to provide competent representation, failing to act with diligence, failing to keep his clients informed, and engaging in conduct prejudicial to the administration of justice, in violation of Rules 1.1, 1.3, 1.4 and 8.4(d) of the *Rules of Professional Conduct for Attorneys at Law.* Thereafter, the Supreme Court Disciplinary Commission and Respondent entered into and tendered for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Admission and Discipline Rule 23, Section 11(d).

Having reviewed the agreement, we now find that it should be approved. Accordingly, we find that Respondent was admitted to the Bar of this state on June 10, 1988. Under Count I, we find that Rosemary Timmons (Timmons) hired Respondent on July 10, 1989, to represent her in a personal injury claim against General Motors for a faulty cruise control. Timmons paid Respondent $55 and signed her complaint on February 14, 1990. However, the case was never filed. As part of its investigation, General Motors wanted to inspect the vehicle, and Timmons wanted to be present at such inspection. Despite this, Respondent allowed the inspection to take place without Timmons being present. General Motors found no defects.

Timmons called Respondent on numerous occasions, and, on November 8, 1990, sent him a registered letter requesting information on the status of her case. Respondent failed to respond, and Timmons terminated the employment.

Under the charges of Count II, we find that on May 22, 1990, Respondent agreed to represent Charles and Mary Vandevender in their claim against Sentry Insurance Company (Sentry). On July 17, 1990, the Vandevenders were told that the complaint would be mailed to them for their signature, and that they were to return it with the $55 filing fee. After some delay and a cancelled meeting, the Vandevenders signed the complaint on September 13, 1990, and gave the requested filing fee to the Respondent. The Vandevenders attempted to find out the status of their case, and, on October 16, 1990, were informed by Respondent's staff that the case had not yet been filed. The next day, they terminated their relationship with Respondent. We conclude, from the foregoing findings, that Respondent engaged in the charged misconduct under both counts.

The parties further agree that mitigating circumstances exist in this case. The essential factor is Respondent's lack of experience at the time he undertook to represent these clients against two formidable opponents. After being admitted to the Bar in June of 1988, Respondent became a sole practitioner, without any guidance or direction from an experienced lawyer. Respondent has since closed his private law office and is working as a deputy prosecutor under the direction and guidance of the elected prosecuting attorney. In light of this, the parties agree that recurrence of this sort of misconduct is most unlikely. They propose that the appropriate discipline in this case is a public reprimand.

We are persuaded that the Respondent's negligent behavior was the result of inexperience. We are further persuaded that the agreed discipline, a public reprimand, adequately censures such misconduct and provides guidance to the Bar, without interrupting Respondent's professional standing. Accordingly, the Respondent, Michael D. Burton, is hereby reprimanded and admonished for the misconduct set out above.

Costs of this proceeding are assessed against Respondent.