**In the MATTER OF David L. BRISCOE.**

**No. 34S00–9201–DI–46.**

Supreme Court of ·Indiana.

March 4, 1994.

No Appearance for Respondent.

David B. Hughes, Com'n Counsel, Indianapolis, IN, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

The Respondent in this proceeding, David L. Briscoe, has been charged in a two-count verified complaint with engaging in conduct in violation of the *Rules of Professional Conduct.* In accordance with Ind.Admission and Discipline Rule 23, a hearing officer was appointed, a hearing was conducted, and the hearing officer's report has been tendered for approval by this court. Although being given notice, Respondent did not appear at

the hearing. Neither party has petitioned for review of the hearing officer's report. As more fully set forth in the opinion that follows, we find that Respondent has engaged in professional misconduct warranting suspension for a period of two years.

Adopting the hearing officer's report, we now find, under Count I, that on January 30, 1991, Respondent was retained to represent a party in a dissolution matter. Respondent was paid a retainer of $150.00 and agreed to file a Petition for Dissolution of Marriage on that date. On February 1, 1991, Respondent advised his client that the petition had been filed when, in fact, no petition was filed. Thereafter, Respondent never filed the petition, failed to reply to repeated requests for information, moved out of his business office without telling his client how to contact him, and never returned the retainer.

Adopting the hearing officer's findings under Count II, we now find that in or about March, 1991, Respondent was retained to represent a party in a bankruptcy proceeding. Over a period of time, Respondent was paid $490.00 for such professional services. No documents were filed, inquiries were ignored, and the retainer was never returned.

Based on the above noted findings of fact, this Court now concludes that Respondent failed to act with reasonable diligence and promptness in the representation of his clients, failed to keep his clients reasonably informed about the status of their cases, failed to return unearned fees, engaged in dishonesty, engaged in conduct prejudicial to the administration of justice, and violated the disciplinary rules of this Court. Such professional misconduct violates Ind.Professional Conduct Rules 1.3, 1.4, 1.16, and 8.4(a), (b), and (c) of the *Rules of Professional Conduct.*

In the present case, Respondent pursued a pattern of serious neglect. His clients sought and paid for professional assistance, but instead received inaction, misrepresentation, and frustration. Respondent failed to perform his work, failed to honor his contract for services, and, by his acts, failed the legal profession. Respondent even failed to appear at his own disciplinary hearing. We can only conclude that Respondent's actions were intentional.

The American Bar Association *Standards for Imposing Lawyer Sanction,* Standard 4.42 provides that a suspension is appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client." This standard is consistent with professional discipline previously imposed by this Court. See, *Matter of O'Neill* (1989), Ind., 535 N.E.2d 1186; *Matter of Carmody* (1987), Ind., 513 N.E.2d 649.

In view of the above considerations, for the professional misconduct found in this case, the Respondent, David L. Briscoe, is hereby suspended from the practice of law for a period of two (2) years effective April 1, 1994. Following this period of suspension, should Respondent seek reinstatement, he must clearly demonstrate that he meets the criteria for reinstatement set forth in Admis.Disc.R. 23(4) including restitution to all clients harmed by his neglect and inaction.

Costs of this proceeding are assessed against the Respondent.