**In the Matter of Michael J. HELMAN.**

No. 84S00–9403–DI–236.

Supreme Court of Indiana.

Oct. 13, 1994.

Michael J. Helman, pro se.

Robert C. Shook, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission has charged Respondent Michael J. Helman, in a complaint for disciplinary action, with violating several provisions of the *Rules of Professional Conduct for Attorneys at Law.* The Commission and Respondent have tendered for this Court's approval their Statement of Circumstances and Conditional Agreement for Discipline, therein acknowledging that Respondent has engaged in misconduct, and agreeing that a public reprimand is an appropriate disciplinary measure for said misconduct. Respondent has submitted an affida-

vit, as contemplated by Ind.Admission and Discipline Rule 23, Section 17(a). We approve the tendered agreement, but here wish to set out more fully the facts and circumstances of this case.

Accordingly, we now find that the Respondent was admitted to the Bar of this state on October 25, 1991, and is thus subject to this Court's disciplinary jurisdiction. At all times relevant here, Respondent was employed as an associate of the Terre Haute law firm of Wright, Shagley & Lowrey. On May 15, 1992, an individual (hereinafter "client") met with attorney Robert L. Wright, a senior partner in Wright, Shagley & Lowery, to discuss alleged sexual harassment and discrimination on the part of the client's employer. Following an administrative hearing, the Indiana Department of Employment and Training Services ruled on July 10, 1992, that the employer's conduct toward the client violated state law, and that the client had good cause to voluntarily leave employment due to the treatment she had received. On July 13, 1992, Wright directed Respondent to investigate a possible civil claim the client might have against her former employer, and to assist Wright in otherwise handling the matter. During March, April, and May of 1993, Respondent demanded, via letter, that the client's former employer compensate her for her claims; otherwise, Respondent indicated he would file a claim for damages on his client's behalf. The employer declined to offer compensation. During the summer of 1993, Respondent told the client that he would file a complaint for damages on her behalf against her former employer, and, in early August, informed her that he had filed such a complaint in federal court. Later, in the fall of 1993, Respondent informed Wright that he had filed the case. In reality, Respondent had never filed any action on behalf of the client in any court. Throughout the summer and fall of 1993, the client was unable to obtain from Respondent truthful answers to her requests for information about the status of her case. She was never informed that the applicable statute of limitations would not run until May 15, 1994.

Wright eventually learned that the client had filed a grievance with the Disciplinary Commission alleging that Respondent had failed to file her case and to provide her with truthful information about the status of her case. On January 10, 1994, Wright confronted Respondent with the grievance, whereupon Respondent admitted to Wright that he had never filed an action on the client's behalf, and that he had lied to Wright. Wright terminated Respondent's employment with the law firm that day.

Based on the aforesaid facts, we find that Respondent violated Ind.Professional Conduct Rule 1.3 by failing to act with reasonable diligence and promptness in representing a client; that he violated Prof.Cond.R. 1.4(a) by failing to keep his client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information; and that he violated Prof. Cond.R. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation.

■ Now that we have found misconduct, we must assess an appropriate disciplinary measure. In this regard, we note that Respondent and the Commission have agreed that a public reprimand adequately addresses Respondent's misconduct. In its assessment of proper sanction, this Court generally examines the following factors: the nature of the misconduct or disciplinary offense; the actual or potential injury; the state of mind of the respondent; the duty of this Court to preserve the integrity of the profession; the risk to the public of allowing the disciplined lawyer to continue in practice; and matters in aggravation and mitigation. *In re Roemer* (1993), Ind., 620 N.E.2d 694; *In re Cawley, Jr.* (1992), Ind., 602 N.E.2d 1022. Relevant to the first factor above, we note that Respondent's misconduct reflects an episode of fundamental dishonesty involving both a client and Respondent's employer. Both had undoubtedly placed a great deal of trust in Respondent, only to have him egregiously breach that trust. Thus, we view the nature of his misconduct as severe. Further, the agreed facts clearly indicate that Respondent intentionally sought to deceive both his client and his employer. Such intent demonstrates a high level of culpability. *In re Thompson* (1993), Ind., 624 N.E.2d 466.

 We also note several possible mitigating factors. Respondent had been practicing law in this state only about one year at the time of his misconduct. *See In re Burton* (1993), Ind., 625 N.E.2d 457 (inexperience a factor in mitigation for attorney neglect of clients' cases); *In re Matz* (1990), Ind., 560 N.E.2d 66 (inexperience a factor in mitigation in relation to attorney's conflict of interest). *Cf. In re Castello* (1980), 273 Ind. 136, 402 N.E.2d 970 (unfamiliarity with disciplinary rules should not excuse misconduct). Further, absent in this case is any indication of consistent careful supervision on the part of the more senior attorneys in Respondent's law firm, which, if present, may have corrected Respondent's actions before they rose to the level of misconduct. The *Rules of Professional Conduct* contain provisions addressing a lawyer's responsibilities of ensuring that subordinates properly discharge their duties and otherwise conduct themselves within applicable ethical constraints. *See, e.g.,* Prof.Cond.R. 5.1. We note also that the client discovered Respondent's inaction and attendant deception before the statutory period governing her action expired, and was presumably able to take actions to preserve her claim. Thus, Respondent's acts resulted in no tangible damage to the client. On the other hand, the fact that the statutory period had not run might be viewed as an aggravating circumstance, in that we cannot find any motivation for Respondent's deceptions, such as might exist had Respondent negligently allowed the statute to expire without filing the action. We note too that, although Respondent had been admitted to practice for only a brief time before the misconduct at issue here, we do not give that fact significant weight as a mitigating circumstance in this case. Every individual who has taken this Court's oath of attorneys should be aware that lying is, at best, an ethically irresponsible practice.

Although blatant deceit generally calls for a strong disciplinary response, we note that some of the factors above mitigate in Respondent's favor. We also consider the fact that Respondent's termination from employment might be viewed as some measure of discipline, and almost certainly made clear to him that deceit and inaction will not be tolerated by clients or employers.

 In light of the mitigating factors present here, the existence of the agreement, and the Commission's assessment of the violation, we accept the agreed sanction, that being a public reprimand. However, violations of this nature ordinarily warrant a harsher sanction. *See, e.g., In re Briscoe* (1994), Ind., 629 N.E.2d 851 (two year suspension imposed for misrepresentation of case status and neglect); *Roemer,* 620 N.E.2d 694 (ninety day suspension imposed where attorney told client he had filed client's action, when in fact he had not). Absent the mitigating factors noted above, this Court likely would have imposed a period of suspension. Accordingly, the Respondent, Michael J. Helman, is hereby reprimanded and admonished for the misconduct set out above.

Costs of this proceeding are assessed against Respondent.

GIVAN and DICKSON, JJ., dissent, believing a greater sanction should be imposed.