**In the Matter of H. Erskine CHERRY.**

No. 48S00–9411–DI–1066.

Supreme Court of Indiana.

Dec. 21, 1995.

H. Erskine Cherry, pro se.

Donald R. Lundberg, Executive Secretary, Donna McCoy Spear, Staff Attorney, Indianapolis, for The Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission and the respondent have tendered to this Court, pursuant to Ind.Admission and Discipline Rule 23, Section 11(g), a *Statement of Circumstances and Conditional Agreement for Discipline* as a proposed resolution of the disciplinary charges pending against the respondent. Therein, the parties agree that the respondent should be suspended from the practice of law for a period of ninety (90) days. We approve the tendered agreement and herein describe the events leading to the present resolution of this matter.

On November 9, 1994, the Commission filed a verified complaint for disciplinary action charging that the respondent violated Rules 1.3, 1.4(a), and 8.4(c) of the *Rules of Professional Conduct for Attorneys at Law*. All charges arose from the respondent's at-

tempt to perfect an appeal on behalf of a criminal defendant.

Pursuant to the parties' agreement, we now find that the respondent was admitted to the bar of this state in 1971. On May 15, 1990, he entered an appearance on behalf of a criminal defendant who had been convicted of a Class C felony on November 10, 1989 and sentenced to the Indiana Department of Correction for a term of five years, with two years to be executed, on April 18, 1990. The client was free on bond pending the appeal he hired the respondent to pursue. On May 15, 1990, the respondent filed a praecipe for the record of the proceedings with the trial court. On August 15, 1990, the respondent paid the clerk of the trial court for the clerk's portion of the record of proceedings, despite the fact that the court reporter's transcript of evidence was not yet complete. That same day, the respondent filed an "Appellant's Petition for Extension of Time In Which to File Record of Proceedings with the Clerk of the Indiana Court of Appeals" with that court. The Court of Appeals denied the motion on August 18, 1990, and a petition for rehearing of that motion on September 20, 1990, stating:

> [P]ursuant to Appellate Rule 3(B) the record of proceedings must be filed with the Clerk of the Supreme Court and Court of Appeals within ninety (90) days from the date the praecipe is filed; that the ninetieth day following May 15, 1990 fell on Monday, August 13, 1990; that the time for the filing of the record of the proceedings expired at midnight August 13, 1990; that appellant's Petition for Extension of Time in Which to File Record of Proceedings was not filed until August 15, 1990, after the time for filing the record of proceedings had expired; that the appellant's said Petition for Extension of Time in Which to File Record of Proceedings was denied because the same was not timely filed and this cause was dismissed; the Court further finds that the Appellant's Petition for Rehearing of Appellant's Petition for Extension of Time in Which to File Record of Proceedings should be denied.

The Court of Appeals sent notice of the dismissal to the respondent on September 20, and filed it with the trial court on September 25, 1990. At some point around the time of these events, the respondent told his client that an appeal had been filed.

On May 14, 1992, the trial court ordered the respondent's client to appear for further proceedings. The respondent then informed his client that he had to appear before the trial court because his appeal "did not go through." The respondent did not inform his client about missing the date for filing the appeal. On October 5, 1992, the trial court ordered the client to serve the original sentence imposed on April 18, 1990. On November 25, 1992, the respondent filed a motion for modification of sentence, which was heard on January 4 and ultimately denied on February 23, 1993. At that hearing, the client learned that the respondent had missed the filing deadline for appeal. Thereafter, while being represented by successor counsel, the client managed to file a belated direct appeal with the Indiana Court of Appeals. On July 27, 1993, the Court of Appeals ordered the client released from incarceration pending the outcome of the appeal. The client's judgment of conviction was later reversed.

We find that by failing to act with reasonable diligence and promptness in representing his client in his appeal, the respondent violated Ind.Professional Conduct Rule 1.3, which provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." We also find that the respondent violated Prof.Cond.R. 1.4(a), which provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." The respondent failed to keep his client reasonably informed about the status of the appeal.

Professional Conduct Rule 8.4(c) prohibits a lawyer from "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation." This Court has consistently found violations of that rule where a lawyer intentionally misrepresents to a client the status of a legal action. *In re Weybright* (1995), Ind., 656 N.E.2d 1142; *In re Helman* (1994), Ind., 640 N.E.2d 1063; *In re Roemer*

(1993), Ind., 620 N.E.2d 694; *In re Gielow* (1992), Ind., 601 N.E.2d 340. In the present case, the agreed facts establish that the respondent violated Prof.Cond.R. 8.4(c) by telling his client, at about the time the respondent was seeking leave of court for an extension of time during which to file the appeal, that an appeal *had been* filed.

Having found misconduct, we now assess the appropriateness of the agreed discipline, that being a ninety day suspension. In so doing, we consider factors the parties offer in mitigation. *In re Buker* (1993), Ind., 615 N.E.2d 436. These factors include the respondent's clean disciplinary record, his lack of selfish or sinister motive and extreme remorse for the events befalling his client, and his otherwise solid professional character and reputation. The parties also suggest that the respondent's marital discord, occurring more or less contemporaneously with the misconduct underlying this action, distracted him and led him to "set [the appeal] aside and inappropriately disregard it." We give these factors some weight. At the same time, we do not characterize the respondent's lack of timely action on behalf of his client as mere "inappropriate" professional oversight. The resultant misfortune suffered by the client is startling and serves well to remind practitioners of the serious implications that may flow from procrastination and neglect of the legal matters entrusted to them. For these reasons, we are satisfied that a significant period of suspension adequately addresses the respondent's misconduct and we thus approve the agreed sanction.

It is, therefore, ordered that the respondent, H. Erskine Cherry, be suspended from the practice of law for a period of ninety (90) days, beginning February 1, 1996, at the conclusion of which he shall be automatically reinstated.

Costs of this proceeding are assessed against the respondent.