**In the Matter of Paul J. NEWMAN.**

**No. 71S00–9406–DI–562.**

Supreme Court of Indiana.

Jan. 12, 1996.

William P. Stanley, South Bend, for Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

DISCIPLINARY ACTION

PER CURIAM.

This case now comes before this Court for final resolution upon the hearing officer's findings of fact and conclusions of law. The parties have stipulated various undisputed facts which the hearing officer incorporated into his report to this Court. The underlying complaint for disciplinary action, in three counts, charged the respondent with violations of the *Rules of Professional Conduct for Attorneys at Law* stemming from three separate, unrelated representations the respondent provided to clients. Neither party has petitioned this Court for review of the hearing officer's report. Where, as in this case, the hearing officer's findings are unchallenged, this Court accepts them with the understanding that final determination rests with this Court. *In re Stover–Pock* (1992), Ind., 604 N.E.2d 606.

Accordingly, we now find that the respondent was admitted to the practice of law in this state in 1975 and is presently an attorney in good standing. Under Count I, we find that a client retained the respondent to represent her in a claim against a contractor for damage to her home. After the client paid $135 as a retainer, the respondent filed a cause of action against the contractor in the small claims division of St. Joseph Superior Court. The respondent ultimately secured a

judgment of $445, plus costs, for his client, which the contractor paid to the trial court clerk on October 20, 1992. A check for $475, representing the judgment and costs, was forwarded by the clerk to the respondent on October 23, 1992. The respondent deposited the check into his non-trust checking account, but did not inform his client of receipt of the funds. Following the deposit, the account contained $1,105.41. By November 13, 1992, the balance had fallen to $416.93. As of June 21, 1994, despite repeated requests by the client, the respondent had not paid his client any portion of the judgment or costs. On May 17, 1994, the client secured a civil judgment against the respondent for the monies owed to her, plus treble damages and attorney's fees, which the respondent ultimately paid.

■ We find that the respondent violated Ind. Professional Conduct Rule 1.4(a) by failing to keep his client reasonably informed about the status of a matter and Prof. Cond.R. 1.15(b) by failing to promptly deliver to his client funds to which the client was entitled. We find further that the respondent's failure to pay his client the judgment he had secured on her behalf, and his exertion of unauthorized control over those funds, constitutes commission of a criminal act, conversion, that reflects adversely on his honesty, trustworthiness, and fitness as a lawyer in other respects in violation of Prof.Cond.R. 8.4(b). By retaining his client's judgment proceeds, the respondent violated Prof. Cond.R. 1.16(d) by failing to take steps to the extent reasonably practicable to protect his client's interests upon termination of representation.

Pursuant to Count II, we now find that a client retained the respondent to represent her in a bankruptcy action on January 4, 1994, paying the respondent a retainer of $428. The respondent completed the required schedules and had the client sign them, but thereafter failed to communicate with the client about the status of the action despite the client's numerous attempts to reach him. The lack of communication delayed the filing of a petition for bankruptcy.

As to Count II, we now find that the respondent violated Prof.Cond.R. 1.3 by failing to act with reasonable diligence and promptness. His actions also violated Prof. Cond.R. 1.4(a).

Under Count III, we now find that, in October, 1991, a client paid the respondent a retainer of $250 to file a petition for change of name on behalf of her son. The respondent drafted the petition and secured his client's signature on it, but thereafter failed to take further action. The client's numerous attempts to contact the respondent, save for one instance, went unheeded.

We find that the respondent's conduct in Count III violates Prof.Cond.R. 1.3 and 1.4(a). Additionally, by failing to explain a matter to the extent reasonably necessary to permit his client to make informed decisions regarding the representation, he violated Prof.Cond.R. 1.4(b).

Having found misconduct, we must now determine proper discipline. In this regard, we note that the hearing officer recommended a suspension from the practice of law for a period of six months with the requirement that the respondent's readmission to the Bar be subject to a formal petition for reinstatement. The Commission has filed a *Memorandum Regarding Sanctions,* contending that the severity of the misconduct (specifically, the conversion) calls for a period of suspension in excess of six months in order to "protect the public and to educate the Bar of Indiana against such conduct."

■ In assessing an appropriate sanction in attorney disciplinary cases, this Court examines the nature of the misconduct, the actual or potential injury flowing therefrom, the state of mind of the respondent, the duty of this Court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in the practice of law, and matters in aggravation and mitigation. *In re Helman* (1994), Ind., 640 N.E.2d 1063; *In re Roemer* (1993), Ind., 620 N.E.2d 694. The respondent offers several factors in mitigation. Foremost is his contention that, at the time of the misconduct, he was suffering from impaired judgment and depression as a result of a troubled romantic relationship. He also cites certain tax liabilities and a lingering illness in his family as

factors which extenuate the severity of his misconduct. The hearing officer found that these factors lacked persuasive effect because, aside from the misconduct occurring during this period, his professional accomplishments were significant. Further, the hearing officer found that the origins of the respondent's professed tax liabilities were unexplained. Also, he found that the respondent exhibited a general lack of personal accountability for his various acts of professional misconduct and concluded that, *in toto*, such aggravating factors outweighed those in mitigation. We agree with this observation. We note also that this Court has traditionally viewed conversion of client funds as a grave transgression. Few other acts of misconduct impugn the integrity of the Bar or place the public more at risk than the misuse of client funds. *In re Frosch* (1994), Ind., 643 N.E.2d 902. Conversely, we recognize that the respondent's wrongful retention of the client's judgment proceeds appears to be an isolated occurrence. The respondent has since repaid the client and undergone counseling for the personal problems he contends contributed to his misconduct.

In light of the above considerations, we believe a significant period of suspension is appropriate to apprise the Bar that misconduct such as that occurring in this case will not be tolerated and to protect the public from any further transgressions of the respondent.

It is, therefore, ordered that the respondent, Paul J. Newman, be suspended from the practice of law for a period of not less than six months, beginning February 19, 1996. At the conclusion of the period of suspension, the respondent may petition this Court for reinstatement, provided he meets the requirements of Admis.Disc.R. 23(4).

Costs of this proceeding are assessed against the respondent.