FOR THE RESPONDENT FOR THE INDIANA SUPREME COURT

DISCIPLINARY COMMISSION

Joseph M. Toth,
 Pro se
 Donald Lundberg, Executive Secretary

Indiana Supreme Court Disciplinary Commission

115 West Washington St., Ste. 1060 

Indianapolis, Indiana 46204

IN THE 

SUPREME COURT OF INDIANA

IN THE MATTER OF )

) Case No.  71S00-9603-DI-256

JOSEPH M. TOTH )

DISCIPLINARY ACTION

Per Curiam

The hearing officer appointed by this Court pursuant to Ind.Admission and Discipline Rule 23(11) has found that the respondent, Joseph M. Toth, after accepting retainer payments from clients, failed to take action on their behalf, failed to refund unearned portions of the retainers, and converted client funds to his own use.  He also found that the respondent failed to promptly deliver settlement funds to a third party lienholder.  For that misconduct, the hearing officer recommended that the respondent be suspended from the practice of law for a period of not less than one year.  This case, on the hearing officer’s report, is now before us for final resolution. 

 Where, as here, the findings of the hearing officer are unchallenged, we accept them with the understanding that final determination as to misconduct and sanction rests with this Court.  
In re Newman
, 659 N.E.2d 1044 (Ind. 1996). 

The respondent was admitted to the bar of this state in 1987 and thus is subject to this Court’s disciplinary jurisdiction.  He was suspended for failure to comply with continuing legal education requirements on June 26, 1995, and has not applied for reinstatement.  This Court suspended him 
pendente lite
 on November 15, 1996, upon the Commission’s motion.
(footnote: 1)
 Pursuant to Count I of the Commission’s
 Amended Verified Complaint for Disciplinary Action
,  we now find that the respondent agreed to represent a client in regard to a personal injury claim.  The respondent and the client executed a lien in favor of the treating physician, granting him a security interest in any proceeds the client’s claim might yield.  In exchange for the lien, the physician agreed to defer collection of his fees until the claim’s resolution.  The respondent ultimately settled the client’s claim, but failed to withhold any of the proceeds to satisfy the physician’s lien.  Thereafter, the respondent failed to respond to the physician’s numerous inquiries about the settlement.

We find that the respondent violated Ind.Professional Conduct Rule 1.15(b) by failing promptly to notify the physician of receipt of the settlement proceeds and by failing to promptly deliver to the physician the portion of the settlement to which he was entitled.
(footnote: 2)   By failing to hold the physician’s funds in trust until any dispute over apportionment of the funds was resolved, the respondent violated Prof.Cond.R. 1.15(c).
(footnote: 3) 

Under Count II, we now find that in August of 1993, a client retained the respondent to remove an erroneous judgment that had been entered against her.  She paid the respondent $120 as a retainer.  Upon accepting the retainer, the respondent informed the client that the matter would take about two weeks to resolve.  In October of 1993, the judgment holder informed the client that it would remove the judgment if the respondent provided it with the appropriate paperwork.  During the next eight months, the client attempted repeatedly and unsuccessfully to reach the respondent by telephone.  When she finally spoke with him in March of 1994, the respondent explained that he could not proceed with the matter until the client remitted another $50 in “typing fees.”  The client eventually removed the judgment herself and requested that the respondent refund her retainer.   The respondent never obliged. 

We now find that, as to Count II, the respondent violated Prof.Cond.R. 1.3 by failing to promptly and diligently pursue removal of the erroneous judgment on behalf of his client.
(footnote: 4)  He violated Prof.Cond.R. 1.4(a) by failing to keep the client adequately informed of the status of the matter.
(footnote: 5)   He violated Prof.Cond.R. 1.16(d) by failing to refund the unearned portion of the retainer the client provided to him.
(footnote: 6)
 As to Count III, we now find that a client retained the respondent to institute a civil action for damages he sustained in a dog attack.  The respondent accepted a $150 retainer, but thereafter took no action and failed to return the client’s telephone calls or respond to his letters.   

We find that, as to Count III, the respondent violated Prof.Cond. R. 1.3 by failing diligently or promptly to pursue the civil action; Prof.Cond.R. 1.4(a) by failing to keep the client reasonably informed about the status of the contemplated claim; and Prof.Cond.R. 1.16(d) by failing to refund any unearned portion of the retainer fee. 

Pursuant to Count IV, we now find that the respondent was hired on August 22, 1994, to assist a client in adopting an unborn child.  The client paid the respondent a $460 retainer as well as sums intended for the payment of filing fees.  The respondent failed to take action on his client’s behalf and did not place the funds earmarked for filing fees in trust; instead, he commingled those funds with his own.  The client, meanwhile, telephoned the respondent about 20 times to learn of the status of the action.  The respondent failed to respond. 

By his conduct in Count IV, we find that the respondent violated Prof.Cond.R. 1.3 by failing to provide diligent and prompt representation to his client and Prof.Cond.R. 1.4(a) by failing to respond to his client’s requests for information.  He violated Prof.Cond.R. 1.15(b) by failing to return to the client funds earmarked for filing fees; Prof.Cond.R. 1.15(c) by failing to hold the funds separate from his own; and Prof.Cond.R. 3.2 by failing to expedite the adoption process.
(footnote: 7)   By converting to his own use the money paid by the client for filing fees, the respondent violated Prof.Cond.R. 8.4(b).
(footnote: 8)   His conversion of the client’s funds represents conduct involving dishonesty, fraud, deceit, and misrepresentation, and thus violated Prof.Cond.R. 8.4(c).
(footnote: 9)
 Under Count VI, we find that clients retained the respondent in January of 1995 to assist them in adopting their grandson.  They paid the respondent a $400 fee and $250 toward anticipated reports and court costs. The respondent never filed a petition for adoption and thereafter ceased communicating with his clients.  Later, they were unable to contact him after his phone was disconnected and his post office box vacated.  The respondent admitted to commingling his clients’ costs money with his own funds. 

 We find that, under Count VI, the respondent violated Prof.Cond.R. 1.3 by failing to act promptly or diligently in representing his clients; Prof.Cond.R. 1.4(a) by failing to respond to his clients’ requests for information or otherwise communicate with them about the case; Prof.Cond.R. 1.15(b) by failing to return to the clients their costs funds; and Prof.Cond.R. 1.16(d) by commingling his clients’ funds with his own
.  

We must now assess an appropriate discipline for the respondent’s misconduct.
(footnote: 10)   The hearing officer recommended that the respondent be suspended for one year and suggested that the respondent’s possible alcohol addiction and depression should be addressed at any future reinstatement proceeding.  

The respondent has demonstrated a pattern of grievously violating the trust his clients placed in him.  While allowing his clients’ legal matters to languish unattended, the respondent helped himself to funds either unearned by him or entrusted to him to pay for specific costs of litigation.   The respondent offered no explanation for his misconduct, other than the suggestion that he suffers from alcohol problems or depression.  Despite such explanation, it is clear that, in the interest of protecting the public and the profession, the respondent should be removed from the practice of law until such time as he can demonstrate his fitness as an attorney. 

Accordingly, the respondent, Joseph M. Toth, is hereby suspended from the practice of law for a period of not less than one year, beginning October 13, 1997, for the misconduct set out above.  At the conclusion of that period, the respondent may seek reinstatement, provided he pays the costs of this proceeding, demonstrates compliance with the provisions of Admis.Disc.R. 23(4), and demonstrates that he has addressed any problems he may have with depression and/or alcohol abuse.
(footnote: 11)
 The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

FOOTNOTES
1: 
Admis.Disc.R. 23(11.1)(b).
 

2:  
Professional Conduct Rule 1.15(b) provides:

Upon receiving funds or other property in which the client or third person has an interest, a lawyer shall promptly notify the client or third person.  Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property. 

3:  Professional Conduct Rule 1.15(c) provides: 

When in the course of representation a lawyer is in possession of property in which both the lawyer and another person claims interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests.  If a dispute arises concerning their respective interests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved. 

4:  
Professional Conduct Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client. 

5:  
Professional Conduct Rule 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. 

6:  
Professional Conduct Rule 1.16(d) provides, in relevant part:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client’s interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and other property to which the client is entitled and refunding any advance payment of fee that has not been earned.  

7:  
Professional Conduct Rule 3.2 provides that a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client. 

8: 
Professional Conduct Rule 8.4(b) provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects. 

9:  Professional Conduct Rule 8.4(c) provides that is it professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. 

10: 
Upon motion of the Commission, the hearing officer dismissed Counts VII and VIII of the 
Amended Verified Complaint
.  The hearing officer found that the Commission failed to demonstrate by clear and convincing evidence the allegations of Count V. 

11: 
Before becoming fully reinstated to the practice of law, the respondent must also resolve his suspension which resulted from his noncompliance with CLE requirements.